COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON

## ORDER

Cause No   01-12-01065-CV; *In re St. Luke's Sugar Land Partnership, L.L.P.*, Relator

Original Proceeding on Petition for Writ of Mandamus from *Shatish Patel, M.D. et al. v. St. Luke's Sugar Land Partnership, L.P.*, Cause No. 2011-24016, in the 152nd District Court of Harris County, Texas.

On November 20, 2012, relator St. Luke's Sugar Land Partnership, L.L.P. filed a petition for writ of mandamus challenging the trial court's November 2, 2012 order compelling production of certain documents.  The Court requests a response to the petition for writ of mandamus.  The response is **due no later than Wednesday, December 12, 2012**.  The real parties in interest may file their response sooner to facilitate an expedited review, at their discretion.  The relator's reply, if any, is **due** within **3 days after the response is filed.**

Relator has also filed an "Expedited Motion for Temporary Stay" of the trial court's order.  The petition for writ of mandamus alleges that the trial court abused its discretion by ordering the production of documents, including some which may be privileged.  Likewise, the motion for stay seeks abatement of the trial court's order in its entirety pending resolution of the mandamus petition which was filed two business days before the order's deadline for producing documents.  In response, the real parties in interest do not oppose a temporary stay limited to documents subject to a good-faith assertion of attorney-client or work-product privileges, but they ask the effect of the stay to be so limited.  Relator has not provided a basis for relief except to the extent the trial court's order may erroneously require the production of privileged documents.  Accordingly, **the court grants relator's motion for temporary stay in part.** Until the disposition of Relator's petition or until further order of this court, Relator may withhold from its production of documents compelled by the trial court's November 2, 2012 order only those documents subject to a good-faith assertion of attorney-client privilege or work-product privilege.  Nothing in this order shall otherwise stay the trial court's November 2, 2012 order or the enforcement of that order in the trial court.

It is so ORDERED.

Judge's signature: /s/ Justice Massengale
                            Acting individually

Date: November 21, 2012